(No. 17357.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE BOB BROWNING, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*what statements are admissible as being in presence of defendant.* In a prosecution for assault with intent to kill, the assault having been committed while the prosecuting witness was calling upon the defendant's divorced wife, a neighbor may be allowed to testify to statements by the wife while she was calling to the witness' wife to summon the police, immediately after the assault, where such statements must have been made within the hearing of the defendant, the witness having testified to statements made by the defendant at the same time.

2. SAME—*what will sustain charge of assault with intent to kill.* To sustain a charge of an assault with intent to kill, the evidence must show that the assault was of such a character that had death resulted therefrom the crime would have been murder.

3. SAME—*self-defense is an issue of fact for the jury.* While one may intentionally use a deadly weapon in self-defense without being guilty of the charge of an assault with intent to kill, that defense is an issue of fact for the jury.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. J. C. EAGLETON, Judge, presiding.

JOHN E. CARR, and LAYMAN & JOHNSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROY C. MAR-
TIN, State's Attorney, and MERRILL F. WEHMHOFF, (R. E.
SMITH, and W. H. MITCHELL, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

Plaintiff in error was convicted in the circuit court of
Franklin county on the charge of assault with a deadly
weapon with intent to murder and brings the record here
for review, assigning error in the admission of testimony
and the refusing of instructions, and further contending
that the evidence did not warrant the verdict of guilty of
assault with intent to murder.

The evidence of the People tends to show that about
eleven o'clock P. M. on July 29, 1925, complaining witness,
James Bennett, was struck on the head with a blunt instru-
ment as he was leaving the house of the divorced wife of
plaintiff in error in the city of West Frankfort; that his
skull was fractured, rendering him unconscious, in which
condition he remained for a period of about two weeks.
Plaintiff in error admits the striking of the blow, but tes-
tifies that he was at the house of his former wife to see if
his son, a boy of fifteen years, had returned, because he was
concerned about the boy's habit of keeping late hours; that
he attempted to open the screen door and the complaining
witness came to the door; that plaintiff in error said to him,
"Jimmie, what does all this mean?" that Bennett started
toward him with his hand in his hip pocket, saying, "Joe,
you have no business here; get away." Plaintiff in error
testified that he struck the first blow with his fist; that it
did not hit Bennett, as the latter dodged, and that when
Bennett started after him with his hand in his pocket plaintiff
in error threw something at Bennett which he thought was
a piece of concrete, and it struck Bennett, who fell. He
denied any intention to kill Bennett. The complaining wit-
ness denied seeing plaintiff in error there that night, and

testified that he did not see who struck him or from whence the blow came. There is evidence in the record tending to show that plaintiff in error's former wife came into the yard after the blow was struck and ran toward the house of Mr. and Mrs. Crawford, two doors away. These witnesses testified that as Mrs. Browning ran toward their house plaintiff in error followed her with a stick or club in his hand.

It is urged in support of the assignment of error concerning the admission of evidence that the court erred in refusing to permit the introduction of a conversation between plaintiff in error and his former wife earlier in the evening of the day the offense was committed, and the argument is that if plaintiff in error had been allowed to give that conversation he could have shown that it concerned the welfare of the children, and would have supported his contention that he was on the premises for the purpose of a call regarding his son. It was not claimed that this conversation occurred at the time of the assault and it bore no relation to that occurrence. Plaintiff in error testified that at the time of the offense charged he was on the premises of his former wife for the purpose of seeing whether his son had come home, and his statement concerning the purpose of his visit was thus before the jury. He was not in any way prejudiced by refusal to admit the conversation referred to.

It is also complained that the court erred in admitting the testimony of the witness Crawford concerning statements made by plaintiff in error and Mrs. Browning as she was running toward the Crawford home. This witness testified that Mrs. Browning called to Mrs. Crawford to call the police—that "Joe has killed Jimmie;" that plaintiff in error made some answer, and she said, "You done it," and he said, "Yes; I done it," and that they talked back and forth. The ground upon which the incompetency of this testimony is urged is that it was not shown to have been within the hearing of the defendant, the witness testifying

321—36

that he was some fifty or seventy-five feet from Mrs. Browning and that plaintiff in error was farther away. The witness testified that he heard the statements made by plaintiff in error, and it is only reasonable to assume, therefore, that Mrs. Browning's statements were made in the hearing of plaintiff in error. This testimony was competent.

It is contended that the court erred in refusing certain instructions. We have examined the refused instructions and are of the opinion that in so far as they present correct propositions of law they have been covered by other instructions given.

It is also urged that there was no evidence of an intent to commit murder. The rule is that in order to sustain such charge the evidence must show that the assault was of such a character that had death resulted therefrom the crime would have been murder. (*People* v. *Brown,* 288 Ill. 489; *People* v. *Osborne,* 278 id. 104.) While an accused may intentionally use a deadly weapon in self-defense without being guilty of the charge of assault with intent to kill and murder, that defense is an issue of fact for the jury, who have decided it in this case against plaintiff in error's contentions, and we are of the opinion that we would not be justified in overturning their verdict as not supported by the evidence. The testimony shows that the complaining witness had no gun, and he testifies he did not see plaintiff in error when he was struck by him and had no conversation with him. This is in a measure corroborated by the occurrence and the conversation between plaintiff in error and his former wife after the assault.

There is no reversible error in the record, and the judgment will be affirmed.                    *Judgment affirmed.*